THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
SALVATORE AGNESI, PLAINTIFF IN ERROR.

Submitted December 9, 1918—Decided March 3, 1919.

On error to the Supreme Court, whose opinion is reported
in 92 N. J. L. 53.

For the defendant in error, *Michael Dunn.*

For the plaintiff in error, *Ward & McGinnis.*

Per Curiam.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Swayze in the Supreme Court.

Walker, Chancellor (concurring). The defendant, indicted for murder, was convicted of murder in the second degree. He brought error in the Supreme Court, where the judgment was affirmed. He now brings error here.

The Supreme Court's opinion says that the judge charged that if the jury took the prisoner's version they must find him guilty of manslaughter at least. But the judge went further and said that if the jury took his version—of the facts, of course, for he had pleaded not guilty to the charge—*they could not under any circumstances acquit him, but must find him guilty of manslaughter at least.* This comes dangerously near being a direction of a verdict of guilty.

Numerous decisions in our state hold that the judge in commenting upon the evidence may express his own opinion of its import, provided he does not coerce the jury into finding a verdict in a case where the facts are in dispute or where reasonable minds might draw different conclusions from admitted or uncontroverted facts. And it is, I think, settled law that a trial judge may not direct a verdict of guilty in a criminal case.

As was well said in *U. S. v. Taylor,* 11 *Fed. Rep.* 470:

"In a criminal case the court cannot direct a verdict of guilty even where the facts are admitted beyond dispute, and the question of guilt or innocence depends wholly upon a question of law which the court must determine."

And in the body of the opinion:

"It has never * * * been claimed that if the jury disregard the law as laid down by the court, and render a general verdict of not guilty, the court can set it aside; and if this cannot be done * * * after verdict, how can the court do substantially the same thing by an instruction before verdict?"

But the instruction in the case at bar did not amount to a direction that the jury must find the defendant guilty of manslaughter at least, for if it were, there would, in my opinion, have to be a reversal. It was the equivalent of what the judge did in *State* v. *Loomis,* 89 *N. J. L.* 8. There the court charged that the state contended that a certain woman was treated with a certain medicine, and the argument was that that was not proved. But the Supreme Court held that the trial judge was not undertaking to state any fact in proof, but merely what the contention of the state was.

I do not perceive any difference in principle in charging that the state contends so and so, or that the defendant's version of an occurrence is so and so, provided only that the defendant did give the particular version. That he did in this case I agree.

This matter was not urged by the plaintiff in error and was not noticed in the Supreme Court's opinion, but as it stands out so prominently in the case I feel constrained to advert to it.

For the reasons expressed in the opinion of the lower court, and also the one above set forth, I vote to affirm the judgment under review.

Justices Kalisch and Black and Judge Heppenheimer authorize me to say that they agree with the views above expressed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.